✓ FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 1 7 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## for the
### District of Arizona
### Civil Division

| | |
|---|---|
| **Reginald Sanders** <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br><br> **Fitness International, LLC dba Esporta Fitness, Mimi Oganesian, General Manager, Jena Thies, Operations Manager.** <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No.  CV-23-00481-PHX-MTL <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)*  ☒ Yes  ☐ No |

## 2ND AMENDED COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Reginald Sanders |
| Street Address | 914 E. Broadway Road #1171 |
| City and County | Tempe, Maricopa |
| State and Zip Code | Arizona, 85282 |
| Telephone Number | 310-684-9203 |
| E-mail Address | reggiedsanders@gmail.com |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B.   The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Fitness International, LLC dba Esporta Fitness |
| Job or Title *(if known)* | Principal Place of Business |
| Street Address | 3161 Michelson Drive, STE 600 |
| City and County | Irvine, Orange County |
| State and Zip Code | California, 92612 |
| Telephone Number | 909-392-1063 |
| E-mail Address *(if known)* | contact@fitnessintl.com |

Defendant No. 2

| | |
|---|---|
| Name | Fitness International, LLC dba Esporta Fitness |
| Job or Title *(if known)* | Local Mesa Arizona Location |
| Street Address | 1844 W. Rio Salado Parkway |
| City and County | Mesa, Maricopa |
| State and Zip Code | Arizona, 85201 |
| Telephone Number | 480-296-2381 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Jena Thies |
| Job or Title *(if known)* | Operations Manager |
| Street Address | 5509 E. Ellis Street |
| City and County | Mesa, Maricopa |
| State and Zip Code | Arizona, 85205 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Mimi Oganesian |
| Job or Title *(if known)* | General Manager |
| Street Address | 2350 Southway Drive (Unit 3007) |
| City and County | Gilbert, Maricopa |
| State and Zip Code | Arizona, 85295 |
| Telephone Number | |

E-mail Address *(if known)* _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question    ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

The plaintiff was subjected to discrimination (as well as negligence and retaliation) based on his sex or gender in a place of public accommodations, which violated his civil rights under Title II of the Civil Rights Act of 1964. Under Title II, public accommodations are prohibited from engaging in discriminatory practices or policies that deny individuals equal access to their goods, services, privileges, or facilities. The law holds public accommodations responsible for acts of negligence that result in discrimination or harm to individuals based on protected characteristics. The explicit and implicit biases exhibited by the gym's managers also violated the Equal Protection Clause of the Fourteenth Amendment. Retaliation against individuals who exercise their rights under Title II is also prohibited. This means that public accommodations may not retaliate against individuals who report discrimination, file complaints, or participate in investigations or legal proceedings related to discrimination in public accommodations. The US Supreme court case that established the standard for what constitutes unlawful retaliation under federal anti-discrimination laws is Burlington Northern & Santa Fe Railway Co. v White in 2006.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* Reginald Sanders, is a citizen of the State of *(name)* Arizona.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

    and has its principal place of business in the State of *(name)* _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* Mimi Oganesian, is a citizen of the State of *(name)* Arizona. Or is a citizen of *(foreign nation)* _____.

    b. If the defendant is a corporation

    The defendant, *(name)* Fitness International, LLC dba, is incorporated under the laws of the State of *(name)* Arizona, and has its principal place of business in the State of *(name)* California. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

    The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

    based on the plaintiff's claims for compensatory damages, punitive damages, injunctive relief, and attorney's fees it exceeds it. While the precise value is to be determined at trial, the value of the plaintiff's claims clearly exceeds the $75,000 threshold when accounting for the various types of relief sought.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    The plaintiff seeks damages for reverse sex discrimination and the violation of his civil rights at Esporta from November 2, 2021 to the present. On or about November 2, 2021, the ex-girlfriend of the plaintiff entered the Esporta gym illegally irately screaming and yelling to harass him. The gym failed to remove her and ignored the plaintiff's request for help. The plaintiff was forced to escort her out of the gym on his own and was later violently chased by her to his residence. It was the responsibility of Esporta employees and managers to keep paying members safe within their walls, but Esporta was negligent in failing to do so.
    The next day, the plaintiff obtained a restraining order and was required to utilize the police to retain video footage from Esporta for the judge, but the female managers impeded his ability to obtain the footage. The managers made comments that indicated sex discrimination, and neither manager did anything to assist the plaintiff. The general manager (GM) and operations manager (OM) refused to treat the plaintiff equally because he was a male victim and didn't think it was a big deal. If the plaintiff were a woman, the gym would have done far more as demonstrated in past incidents involving women as the victim at the gym.
    The GM would later retaliate against the plaintiff by negligently failing to organize the transfer of video evidence to law enforcement that showed criminal trespassing into the members only facility and the aggressive behavior by the trespasser.
    After the plaintiff informed the GM that a complaint would be filed against her, she retaliated against the plaintiff. The plaintiff would then be forced to visit only during times the GM and OM were off duty. The gym showed explicit or implicit bias by treating the plaintiff differently because he was a male victim among other biases. The plaintiff would then be forced to visit only during times the GM and OM were off duty. The plaintiff seeks damages for emotional distress, humiliation/embarrassment, loss of use and enjoyment and injury to reputation due to harm caused by Esporta Fitness' discriminatory actions. (See attached Exhibit B additional pages.)

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Damages and relief requested by the plaintiff include:

1. Compensatory damages: The plaintiff is seeking compensatory damages for emotional distress, humiliation/embarrassment, loss of use and enjoyment and injury to reputation due to harm caused by the gym's discriminatory actions.

2. Punitive damages: The plaintiff also request punitive damages to punish the gym for its discriminatory and retaliatory behavior.

3. Injunctive relief: The plaintiff ask for injunctive relief to prevent the gym from engaging in discriminatory practices in the future.

4. Attorney's fees: The plaintiff also request reimbursement for attorney's fees incurred while pursuing legal action.

The basis for claiming that the wrongs alleged are continuing at the present time is the fact that the plaintiff still suffers from emotional distress and harm caused by the gym's actions, and the gym has not taken any corrective actions to prevent similar incidents from occurring. Additionally, the plaintiff is still a member of the gym and the managers active. The plaintiff has not been able to use that particular gym in nearly 2 years before 7pm due to fears of retaliation. The plaintiff is entitled to compensatory damages for the humiliation/embarrassment, loss of use and enjoyment and injury to reputation due to harm caused by the gym's discriminatory actions. The plaintiff suffered from depression, anxiety, and the loss of property (Loss of video footage) due to their discriminatory and retaliatory behavior.

The plaintiff also seeks punitive or exemplary damages to deter such conduct in the future. The plaintiff never received the requested video evidence for police (as legally required) because the managers negligently failed to schedule an exchange with officers out of retaliation. The defendant's need to be held accountable for their illegal actions. The plaintiff seeks reimbursement for any out of pocket expenses incurred, such as therapy expenses and additional legal assistance used to present this complaint. The plaintiff requests a court order requiring that the gym provide immediate legal assistance to any victim, male or female of illegal actions by gym patrons, without prejudice. The plaintiff requests the court to order the female manager and operations manager to undergo sensitivity training to prevent future cases of bias. The plaintiff seeks a total of $150,000 in compensatory, punitive damages, injunctive relief and attorney fees.

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   08/17/2023

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

|  |  |
|---|---|
| Signature of Plaintiff | *[signature]* |
| Printed Name of Plaintiff | Reginald Sanders |

**B.** **For Attorneys**

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

# **EXHIBIT A**

**B.     If the Basis for Jurisdiction Is Diversity of Citizenship**

(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* , _____Jena Thies_____ , is a citizen of

the State of *(name)* _____Arizona_____. Or is a citizen of

*(foreign nation)* . _____ .

# EXHIBIT B
## "STATEMENT OF CLAIM" CONTINUED

### Fitness International LLC, dba Esporta Fitness' Duty

Fitness International LLC, dba Esporta Fitness, has a duty to provide a safe and secure environment to their customers. This responsibility includes maintaining and repairing equipment, ensuring staff members are properly trained, hiring qualified personnel, and providing appropriate safety and security measures. They are also responsible for implementing reasonable policies and procedures to prevent foreseeable risks and protect the customers' health and well-being while on the premises.

Moreover, fitness centers also have a duty to warn their customers of known inherent risks that an ordinary user may not know and to provide instructions on how to avoid such risks. Esporta Fitness owes a duty of care to its customers to provide accurate instructions and warnings to prevent customers from engaging in behaviors that could cause harm to themselves or others.

In cases of discrimination or harassment, Esporta Fitness has a duty to provide equal treatment to all customers, regardless of gender, race, religion, or other protected characteristics. They should have a policy and procedure in place to prevent discrimination and harassment, promptly investigate complaints, and take appropriate disciplinary actions against employees who engage in such behaviors, according to state and federal laws.

### CLAIM ONE
### PUBLIC ACCOMMODATIONS.
#### (Discrimination Based on Sex)

On or about November 2, 2021, Esporta discriminated against the plaintiff based on his sex/gender when the staff failed to remove his ex-girlfriend from the gym when she entered the

facility illegally, later by impeding his ability to obtain the video evidence for prosecution and by retaliating with harassment.

The operations manager (OM), Jana Thies, showed explicit or implicit bias and discrimination the next day when she stated **"What did you do to her? She seems like a pleasant young lady"** to the plaintiff. Then by refusing to assist the plaintiff after initially stating that she immediately would.

The OM's statement **"What did you do to her? She seems like a pleasant young lady"** presumed the plaintiff was at fault as a male complainant, gave improper benefit of the doubt to his female abuser, and downplayed the reported misconduct, revealing gender bias.

The general manager (GM), Mimi Oganesian would also show explicit or implicit bias when she informed the plaintiff that she was able to obtain the video evidence and explained how it clearly showed the ex as the aggressor, but then sent the plaintiff a text message **"Do you think I owe you something? You told me you were dating a married woman, right? And that's why she's "harassing you? To be honest, I feel that maybe she may have come there to ask you to leave her alone."**

The plaintiff's public accommodations were then compromised when he was forced to only visit to the gym during hours when the GM and OM were off, then eventually changing gyms. Esporta violated the plaintiffs' civil rights by showing explicit or implicit bias by treating the plaintiff differently because he was a male victim in addition to other biases. The GM would later admit in a recorded interview with the state of Arizona Civil Rights division of her mistakes and regrets.

**The plaintiff was subjected to discrimination based on his sex or gender in a place of public accommodations, which violated his civil rights under Title II of the Civil Rights Act of**

**1964. Under Title II, public accommodations are prohibited from engaging in discriminatory practices or policies that deny individuals equal access to their goods, services, privileges, or facilities. The law holds public accommodations responsible for acts of negligence that result in discrimination or harm to individuals based on protected characteristics. The explicit and implicit biases exhibited by the gym's managers also violated the Equal Protection Clause of the Fourteenth Amendment.**

## CLAIM TWO
### NEGLIGENCE.

Esporta was negligent by failing to protect the plaintiff by risking his safety and well-being while on the premises from his ex, a non-member. The Esporta staff failed to remove her and ignored the plaintiff's request for help. The plaintiff was forced to escort her out of the facility on his own. The trespassing ex-girlfriend is no different than an active shooter. LA Fitness / Esporta expresses their commitment to the safety of their customers and clients on the signs displayed around the facility, but failed to do so with the plaintiff on November 2, 2021. Esporta was negligent by not having measures in place to keep clients safe while inside of their facility. The non-paying member that entered the facility should have been stopped at the main entrance.

Esporta was also negligent when the managers impeded the plaintiff's ability to obtain the video evidence for court proceedings and prosecution. Esporta manager(s) were negligent when they allowed the footage to be erased by their camera's and negligently deleted any further evidence of it captured on the general manager's cell phone device. Esporta Fitness never made arrangements with police to assist their member. It was Esporta Fitness' duty to make certain their paying member received the proper assistance and care.

This negligence prevented the plaintiff from providing the police department and courts the video evidence. Esporta was also negligent for not formally "trespassing" the ex-girlfriend as requested by the plaintiff. This was also a sign of their discrimination because Esporta has never had any issue trespassing males from the facility.

The Esporta Fitness GM was negligent for texting the plaintiff inappropriately in an unprofessional matter. The tone of communication with the member was negligent in the way she voiced discrimination and retaliation. The GM would later admit to her mistakes and regrets in a recorded interview with the state of Arizona Civil Rights division.

**Arizona State Law**

- **AZ negligence statutes (§§12-2505, 2506) establish liability for injuries resulting from failure to exercise reasonable care to avoid foreseeable risks.**
- **A.R.S. § 33-1314 - Outlines duty of care owed by property owners to maintain safe premises.**

**Local (Phoenix)**

- **Phoenix City Code requires businesses maintain safe premises and avoid negligent conduct endangering patrons (§§23-2, 23-3).**
- **Phoenix City Code § 23-11 - Requires keeping premises free of dangerous conditions.**

**CLAIM THREE**
**RETAILATION.**

The general manager, Mimi Oganesian of Esporta retaliated against the plaintiff by holding the video evidence hostage and by harassing him during visits to the gym after he complained about the discriminatory treatment. The GM held the video evidence because she

was biased towards the ex-girlfriend, whom she had never met. Due to the text messages that indicated bias, the plaintiff informed the GM that a complaint would be filed against "her." She then began retaliating against the plaintiff after viewing it as a threat. The GM violated the plaintiff's civil rights when she retaliated against the plaintiff by erasing the video evidence of the incident that she had saved on her phone. Her actions blocked the plaintiff from obtaining key video evidence, undermining his credibility in court. This severely hindered the plaintiff's ability to successfully prosecute and impose meaningful consequences for her actions.

The plaintiff had informed the judge at the restraining order hearing that he was working with the gym to recover surveillance footage of the incident as evidence. When the GM blocked the plaintiff from retrieving the footage, it made the plaintiff appear unreliable to the court and undermined his credibility. Without the objective visual evidence clearly documenting the plaintiff's ex-girlfriend's unlawful behavior, the prosecution's case was weakened. The plaintiff was unable to corroborate his account as effectively without the video, hampering his ability to hold her accountable.

This ultimately resulted in a lenient sentence of probation rather than harsher punishment that may have deterred future harassment and trespassing. Her actions caused the plaintiff trauma, and the justice system was unable to fully address that due to lack of evidence stemming from the GM's retaliation. This caused significant frustration and a tangible denial of justice for the harm the plaintiff suffered.

The video evidence was a critical piece the plaintiff specifically assured the court would be provided. The GM's obstruction materially damaged the plaintiff's ability to make good on

that promise and prosecute his ex to the full extent appropriate for her misconduct. This caused clear legal and psychological harm to the plaintiff.

The plaintiff did all he could to facilitate evidence collection by notifying Esporta and providing police with the proper contacts. The lack of follow through was on Esporta, not the plaintiff or police. The burden was on Esporta, not the police, to preserve and provide the evidence they had been made aware was relevant to an active investigation and legal case. As a business with custody of important evidence, they had a duty to ensure its availability.

On Monday, November 22, 2021, the GM scolded the plaintiff in text message by even texting **"Did you or did you not walk by my desk last week without acknowledging Janna or I?"** This was totally unprofessional and unwarranted by the plaintiff, who never knew the GM before this incident. The GM created an uncomfortable environment for the plaintiff at the gym. She caused a significant amount of humiliation/embarrassment, loss of use and enjoyment and injury to reputation. The managers did what they could to protect the ex-girlfriend and not their paying male member.

Following the final text messages with the GM, the plaintiff experienced harassment at the facility in retaliation. On multiple occasions when the plaintiff entered the Esporta Fitness facility, the general manager Mimi Oganesian would harass and retaliate against him.

By creating a toxic environment, whenever the plaintiff exercised at the facility as a paying member, the GM continually harassed and discriminated against him. These actions amounted to retaliation for his complaints and dating a married woman that was separated.

On December 2, 2021, the GM retaliated by allowing video evidence to be erased from Esporta's systems and deleted the footage she had saved on her phone, impeding the plaintiff's

ability to obtain evidence for his case. The GM would later admit in an interview with the state of Arizona Civil Rights division of her mistakes and regrets.

Fitness International LLC, dba Esporta Fitness failed to take appropriate disciplinary actions against employees (managers) that engaged in such behavior. The fact that both managers remain with the company despite their behavior only exemplifies the companies lack of understanding.

Retaliation against individuals who exercise their rights under Title II is prohibited. This means that public accommodations may not retaliate against individuals who report discrimination, file complaints, or participate in investigations or legal proceedings related to discrimination in public accommodations. The GM showed retaliation and intent with her actions and behavior. The manager(s) purposed failed to urgently assist the plaintiff who was also the victim, member, customer, and client of Esporta Fitness. If either would have properly assisted the plaintiff, no complaint would exist. It's just that simple.

**Arizona State Law and Local (Phoenix)**

- **AZ law (§41-1442) and Phoenix City Code (§18-4(B)(2)) prohibit retaliation for opposing discrimination in public accommodations.**

**Federal Law**

- **Title II of the Civil Rights Act (42 U.S.C. § 2000a-2) prohibits retaliation for opposing discrimination in public accommodations.**
- **The U.S. Supreme Court case that established the standard for what constitutes unlawful retaliation under federal anti-discrimination laws is Burlington Northern & Santa Fe Railway Co. v. White in 2006.**

**Local (Phoenix)**

- **Phoenix City Code §18-4(B)(2) - Specifically prohibits retaliation for opposing unlawful discrimination.**
- **Phoenix City Code §18-5(B) - Prohibits retaliation for exercising rights against discrimination in public accommodations.**