1  Erica J. Spurlock, Bar #032443
2  JONES, SKELTON & HOCHULI P.L.C.
   40 N. Central Avenue, Suite 2700
   Phoenix, Arizona 85004
3  Telephone: (602) 263-7304
4  Fax: (602) 200-7884
   espurlock@jshfirm.com

5  Attorneys for Defendants Fitness
   International, LLC dba Esporta Fitness,
6  Janalee Thies and Mimi Oganesian

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Reginald Sanders,<br><br>        Plaintiff,<br><br>v.<br><br>Fitness International, LLC dba Esporta Fitness, Mimi Oganesian, General Manager, Jena [sic] Thies, Operations Manager,<br><br>        Defendants. | No. CV-23-cv-00481-MTL<br><br>**DEFENDANTS FITNESS INTERNATIONAL, LLC, THIES AND OGANESIAN'S MOTION TO DISMISS PLAINTIFF'S 2ND AMENDED COMPLAINT FOR A CIVIL CASE** |

Defendants Fitness International, LLC dba Esporta Fitness, Janalee Thies and Mimi Oganesian (hereinafter collectively "Defendants") move to dismiss all claims asserted against them by Plaintiff's Second Amended Complaint for a Civil Case for failure to state a claim upon which relief can be granted. This Motion is based on the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

In his Second Amended Complaint, Plaintiff alleges three causes of action: (1) Public Accommodation Discrimination Based on Sex, (2) negligence, and (3) retaliation. *See* Pl.'s Second Am. Compl. (Docket No. 7) 3, 9-15. His public accommodations claim is premised on his claim that he was "subjected to discrimination based on his sex or gender" by employees of the Defendant because they did not trespass

his ex-girlfriend following a domestic dispute on Defendants property. Pl.'s Second Am. Compl. 10:25. Additionally, he claims Defendants discriminated against him because they refused to violate Defendant's company policy by providing surveillance video directly to Plaintiff of his domestic dispute. His negligence and retaliation claims are based on the same factual allegations. Additionally, he claims that Defendants were unprofessional, harassed him, and created a toxic environment when in fact even taking all the allegations in Plaintiff's Complaint as true, at most he was subject to an unprofessional environment in Defendant's fitness facility, not discrimination. Plaintiff was never denied service at any of Defendant's fitness facility locations, nor does Plaintiff allege as much in his Complaint. Indeed, he has continued to visit Defendants' facilities as recently as this month.

II.  **LEGAL ANALYSIS**

    A.  **Public Accommodations (Discrimination Based on Sex)**

Under Title II of the Civil Rights Act of 1964, "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(b). The Arizona Civil Rights act is essentially the same. A.R.S. § 41-1442(A) ("Discrimination in places of public accommodation against any person because of race, color, religion, sex, national origin or ancestry is contrary to the policy of this state and shall be deemed unlawful."); A.R.S. § 41-1442(B) ("No person, directly or indirectly, shall refuse to, withhold from or deny to any person, nor aid in or incite the refusal to deny or withhold, accommodations, advantages, facilities or privileges thereof because of race, color, religion, sex, national origin or ancestry, nor shall distinction be made with respect to any person based on race, color, religion, sex, national origin or ancestry in connection with the price or quality of any item, goods or services offered by or at any place of public accommodation."). And in construing other sections of the Arizona Civil Rights Act that mirror the Civil Rights Act of 1964, "Arizona courts have found the federal courts' construction of the federal statute persuasive." *York v. JPMorgan*

*Chase Bank, National Association*, Case No. CV-18-04039-PHX-SPL, 2019 WL 3802535, at *5 (D. Ariz. Aug. 13, 2019).

With only circumstantial evidence of discrimination, Title II claims are analyzed under the same *McDonnell-Douglas* burden-shifting framework as Title VII claims. *See, e.g, Feacher v. Intercontinental Hotels Group*, 563 F. Supp. 2d 389, 402 (N.D.N.Y. 2008). Under this framework, the claimant must show that (1) he is a member of a protected class, (2) he attempted to contract for certain services, (3) he was denied the right to contract for those services, and (4) those services remained available to similarly-situated individuals outside of the claimant's protected class. *York v. JPMorgan Chase Bank, National Association*, Case No. CV-18-04039-PHX-SPL, 2019 WL 3802535, at *2 (D. Ariz. Aug. 13, 2019). In addition to this, though, the claimant must plausibly show that the discrimination was intentional. *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989).

Here, Plaintiff cannot establish a *prima facie* case of sex discrimination. First and foremost, and even according to Plaintiff's Complaint, he was simply never denied the right to use or utilize Defendants fitness facilities, equipment, or accompanying services. Nor was his membership revoked or terminated. Plaintiff was and to this day remains a member of Defendant's fitness facilities. Plaintiff utilized, and upon information and belief, still utilizes Defendant's fitness facilities, the equipment, and the amenities like all other members. Additionally, even taking all of Plaintiff's allegations in his Complaint as true, there is no indication that Plaintiff was discriminated against upon the basis of his sex. As a result, Plaintiff cannot establish a *prima facie* case, so his claim fails.

More importantly, though, even under Plaintiff's version of events, he was not subject to sex or gender discrimination under the Arizona Civil Rights Act. Under Plaintiff's telling, he was: (1) subjected to "offensive" comments by Defendants Thies when she stated "[w]hat did you do to her? She seems like a pleasant young lady." Pl.'s Second Am. Compl. 10:8-9. Defendant Thies' remarks are not rude, harassing, or inappropriate, and this does not as Plaintiff claims, express any bias or discrimination against Plaintiff based on his sex or gender, implicitly or explicitly. Even taken as true,

3

Defendant Thies is discussing Plaintiff and his relationship with his ex-girlfriend, which she was exposed to from reviewing the surveillance footage that he requested. She was not opining on Plaintiff's behavior solely because of his sex. Plaintiff also points to Defendant Oganesian's statement: "[d]o you think I owe you something? You told me you were dating a married woman, right? And that's why she's "harassing you?["] To be honest, I feel that maybe she may have come there to ask you to leave her alone." Pl.'s Second Am. Compl. 10:14-17. Despite Plaintiff's assertion otherwise, Defendant Oganesian was not exhibiting implicit bias with this statement, let alone explicit. Defendant Oganesian was not basing this statement on Plaintiff's sex, but her viewing of the surveillance footage. Footage she only reviewed because Plaintiff requested as much.

Even taking all the allegations in Plaintiff's Complaint as true, these statements do not constitute discrimination under Title II of the Civil Rights Act or the Arizona Civil Rights Act. At no point was Plaintiff ever denied service; at most, he received mere comments on surveillance video that he requested the Defendants to provide him. This is not enough to constitute denial of service. *See, e.g., Lopez v. Target Corp.*, 676 F.3d 1230, 1231-32 (11th Cir. 2012) (a white cashier telling a Hispanic person that the checkout line was closed to him while making rude comments and gestures was not sufficient to establish denial of service). It further is not sufficient enough to show intentional discrimination based on sex. Even accepting Plaintiff's version of events in the worst possible context, what he alleges is no more than poor, inattentive service, and an unwillingness to violate Defendant's company policy, not actionable discrimination under either Title II of the Civil Rights Act or the Arizona Civil Rights Act. As a result, Plaintiff cannot make a *prima facie* case of discrimination even as alleged.

Here, based on Plaintiff's Complaint, the most that he can allege is that his ex-girlfriend was not trespassed when he requested, he was not directly provided the surveillance video in question (which again would have violated Defendant Fitness International's company policy), and that he was subject to comments regarding his domestic dispute. None of the reasons for any of these events occurring happened because

12172364.1

of Plaintiff's sex but were instead based on Defendant Fitness International's policy regarding providing surveillance video only directly to the police, and Defendants Oganesian and Thies' review of the surveillance footage and repeated interactions with Plaintiff. None of these even approaches what could be considered a denial of service. As a result, Plaintiff's sex discrimination claim fails.

### B. <u>Negligence</u>

To maintain an action for negligence, a plaintiff must prove that the defendant owed a duty of care to the plaintiff, a breach of that duty, actual and proximate causal connection between defendant's conduct and plaintiff's injury, and actual damage. *Gipson v. Kasey*, 214 Ariz. 141, 143, 150 P.3d 228, 230 (2007). A court deciding a 12(b)(6) motion to dismiss should look only to the factual allegations contained within the complaint. *Orca Communications Unlimited, LLC v. Noder,* 236 Ariz. 180, 181, 337 P.3d 545, 546 (2014).

Plaintiff simply has not made an appropriate negligence claim. Plaintiff's Complaint alleges that Defendants were negligent for failing to prevent the trespass of Plaintiff's ex-girlfriend. Plaintiff even goes as far as to claim "[the] ex-girlfriend is *no different than an active shooter*." Pl.'s Second Am. Compl. 11:12 (emphasis added). Plaintiff cites A.R.S. §§ 12-2505-06 for the purpose of establishing liability for injuries resulting from negligence. A.R.S. §§ 12-2505-06. Plaintiff mistakenly cites inapplicable codes from the City of Phoenix in his Complaint, stating they pertain to premises liability and property owner's duty of care, but instead cites codes that are titled, "[a]ssault and battery—Prohibited; permissible violence; degree of force permitted," and "[d]isturbing the peace," respectively. PHOENIX, ARIZ., CITY CODE, § 23-2, 3 (2023). In addition, Plaintiff cites Phoenix City Code § 23-11, titled "Nuisances." PHOENIX, ARIZ., CITY CODE, § 23-11 (2023). While Plaintiff is correct in stating that Defendants have a duty to maintain safe premises for their paying members, Plaintiff states no actionable injury that occurred from this incident. Plaintiff's Complaint indicates that he suffered **no physical or emotional injury** resulting from Defendants' alleged failures. In addition, Plaintiff in no

way alleges within his Complaint that Defendants assaulted him, breached the peace, or constituted a nuisance. Nor could any close reading of Plaintiff's Complaint be found to allege such actions, either within the normally accepted meaning of the words or using statutory construction. To the degree that *any* injury may be found within Plaintiff's Complaint from this incident, none are actionable injuries under Arizona law.

Second, Defendants are under no duty to provide surveillance footage from their system directly to Plaintiff simply because he desires to obtain the footage. Plaintiff states a duty not reported anywhere in law, and even if somehow such a duty was breached, there is no actionable injury to Plaintiff. Defendants have no duty to assist Plaintiff in his personal suit absent subpoena or police involvement, neither of which was attempted, and Plaintiff only desired to obtain the surveillance footage in direct violation of Defendant Fitness International's company policy. Defendants Oganesian and Thies refusal to violate company policy is not an actionable injury under Arizona law.

  **C.**  **Retaliation**

Plaintiff alleges within his complaint that A.R.S. § 41-1442, Phoenix City Code § 18-4(B)(2), and 42 U.S.C. § 2000(a-2) prohibit retaliation for discrimination in public accommodations. While Plaintiff is correct in his recitation of law, as covered in subsection II A above, since Plaintiff was not denied service by Defendants at any of their locations, Plaintiff was not discriminated against based on his sex or gender. Since Plaintiff was not discriminated against by Defendants, Plaintiff's retaliation charge must fail as a function of law.

**III.**  **CONCLUSION**

Plaintiff's discrimination claim fails both factually and legally. It fails factually because even assuming, *ad arguendo*, that Plaintiff was discriminated against, his treatment was not based on his sex or gender, but his actions and encounters with Defendants, and their view of him after the domestic dispute. Being in or recovering from a turbulent personal relationship is not a protected class. It also fails legally because, even if accepted as true, Plaintiff's story does not support a claim under Title II of the Civil

Rights Act or the Arizona Civil Rights Act. Plaintiff's Complaint similarly does not allege any actionable cause of negligence or retaliation, and so must also be dismissed.

For these reasons, Defendants respectfully request that Plaintiff's Second Amended Complaint for a Civil Case be dismissed.

DATED this 23rd day of October, 2023.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ Erica J. Spurlock
Erica J. Spurlock
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants Fitness
International, LLC dba Esporta Fitness,
Janalee Thies and Mimi Oganesian

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of October, 2023, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on Plaintiff via the Court's CM/ECF system as well as via U.S. Postal Service.

Reginal Sanders
914 E. Broadway Rd., #1171
Tempe  AZ   85282
reggiedsanders@gmail.com


/s/  Wendy Mungai

7

12172364.1