**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginald Sanders, | No. CV-23-00481-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Fitness International LLC, et al., | |
| Defendants. | |

On January 29, 2024, the Court of Appeals referred this matter back to this Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (Doc. 55 at 1.) Also pending before the Court are Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal and Motion for Preparation of Reporter's Transcript In Forma Pauperis. (Doc. 57; Doc. 58.) This Order addresses all three issues. The Court finds that Plaintiff's appeal is frivolous and denies both motions.

Federal Rule of Appellate Procedure 24(a)(1) provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The motion must be accompanied by an affidavit showing the party's inability to pay or to give security for fees and costs, claiming an entitlement to redress, and stating the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1)(A)–(C). A court has no discretion to allow a litigant to appeal in forma pauperis if the litigant has not met the statutory criteria for such status. *See Stanley v. Swope*, 99 F.2d 308, 308–09

(9th Cir. 1938). These procedural requirements have not been met because Plaintiff failed to include an affidavit showing his inability to pay and the issues he plans to present on appeal with his Motion for Leave to Proceed In Forma Pauperis on Appeal. (Doc. 57.)

The request also may be denied on the merits. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith if it seeks review of any issue that is non-frivolous. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A "good faith" appeal must seek review of at least one "non-frivolous" issue or claim. *Id.* An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitze v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. *Id.* at 327. Factually frivolous claims are those premised on "clearly baseless" factual contentions, such as claims "describing fantastic or delusional scenarios." *Id.* at 327-28.

Plaintiff does not explain which issues he plans to present on appeal; rather, he vaguely asserts that the "dismissal order contains manifest errors of law warranting reversal by the Ninth Circuit." (Doc. 48.)

Briefly, and by way of background, Plaintiff brought his now-dismissed complaint against his gym, Fitness International, LLC d/b/a Esporta Fitness alleging that he was "denied the full and equal enjoyment of [his gym's] public accommodation due to [his] sex." (Doc. 1 at 1.) He further alleges that the "general manager and office manager (both female) discriminated against [him] when [he] requested their assistance" with an altercation involving his ex-girlfriend. (*Id.*) He further complains that the "facility did minimal to provide film of incident to Mesa Police Department." (*Id.*) Defendants filed a motion to dismiss asserting that Plaintiff's public accommodation, negligence and retaliation claims all fail as a matter of law. The Court agreed and found that nothing in Plaintiff's response brief, or the arguments he raised at Oral Argument could save Plaintiff's claims from being dismissed without leave to amend.

With respect to his public accommodation and retaliation claims, Plaintiff conceded at Oral Argument that he could "either not work out, drive five, ten miles away to a different facility or come later on at night when I know that they weren't there." (Doc. 38 at 93:3-6.) That concession undoubtedly demonstrates that Plaintiff was not denied the full benefits or enjoyment of a public accommodation in violation of 42 U.S.C. § 2000a(a) and no amendment can save his claim. With respect to his negligence claim, Plaintiff failed to establish what duty of care the gym owed to him and supposedly breached. At Oral Argument, Plaintiff explained the duty he believed that was owed was "as a member[,] paying member, to basically protect the members in the gym and not allow people from the outside to just enter the gym and approach their members." (Doc. 38 at 80:6-9.) But there is no such duty recognized under Arizona law. Plaintiff, while upset about an alleged altercation with his ex-girlfriend and the way his gym allegedly handled the altercation, are not enough for him to claim viable causes of action, and his claims are legally frivolous because no legal interest exists. *Neitze*, 490 U.S. at 327.

Because the Court has not found that "at least one issue or claim" Plaintiff presents for appeal is "non-frivolous," *Hooker*, 302 F.3d at 1092, the Court certifies that the proposed appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3). For similar reasons, the appeal also does not present a substantial question within the meaning of 28 U.S.C. § 753(f) and Plaintiff's Motion for Preparation of Reporter's Transcript In Forma Pauperis (Doc. 58) will also be denied.

Pursuant to Rule 24(a)(4), Fed. R. App. P., the Court directs the Clerk to immediately notify Plaintiff and the Ninth Circuit Court of Appeals of this Order. The Court advises Plaintiff that he may seek leave to proceed in forma pauperis on appeal by filing such a motion in the Ninth Circuit Court of Appeals within 30 days of service of this Order. Fed. R. App. P. 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

**IT IS ORDERED** denying Plaintiff's Motion for Leave to Proceed In Forma

1 | Pauperis on Appeal (Doc. 57).

2 |     **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Preparation of
3 | Reporter's Transcript In Forma Pauperis (Doc. 58).
4 |     Dated this 6th day of February, 2024.

Michael T. Liburdi
United States District Judge

**CC: Ninth Circuit Court of Appeals**

- 4 -